DUESER v. MEYER et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

EXECUTORS AND ADMINISTRATORS (§ 451*)—ACTION FOR SERVICES TO DECEDENT—EVIDENCE.

Evidence in an action against executors for services to decedent, resting on oral testimony of plaintiff and members of his family, *held* not that clear and convincing evidence of disinterested and unbiased witnesses, necessary to take the case to the jury.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 451.*]

Appeal from Trial Term, Kings County.

Action by Ferdinand A. Dueser against Alonzo P. Meyer and another, executors of George H. Meyer, deceased. From a judgment on a verdict for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

J. W. Van Gordon, for appellants.
Isidor Buxbaum, for respondent.

GAYNOR, J. This judgment has to be reversed. The action is against the executors of the plaintiff's father-in-law, who died in 1906. The complaint is for $1,708 for alleged "board, attendance and lodging" of the deceased from July 4, 1896, to March 15, 1901, $200 for taking care of a farm of the deceased two months in 1902, $35 for a quartette which the plaintiff had sing at his funeral, and $70.50 for flowers and $8.85 for refreshments, provided by the plaintiff thereat. The plaintiff's wife testified that her aged father, the deceased, lived in his own house nearby, but took his meals at her table during the said period; that when he began to come for them he said to her, "Ricka, I will look out for you and see that Ferdinand (her husband, the plaintiff) gets his share;" he said it almost every every week; that he told her husband he would pay him if he would take care of the farm; that when he made his will he would look out for him, he would be paid for it; that he would like to have a quartette at his funeral, and flowers; he often said this. Her sister testified that she heard her father say he would make it all right with her sister; also that he wanted flowers and a quartette at his funeral; and her servant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

testified she heard the deceased say that he took his meals at "Mr. and Mrs. Dueser (the plaintiff and his wife) and they get well paid for it. When he dies they get plenty of money;" that he wanted each child to have flowers at his funeral and that they would be paid out of his estate.

This was the vague and improbable testimony on which the plaintiff rested. Such claims against estates, resting on oral evidence, are under suspicion from the outset, and all the more so when as old and stale as in this case. They have to be proved by clear and convincing evidence of disinterested and unbiased witnesses before they can be allowed. If the evidence does not come up to this standard the case is not one for a jury. Butcher v. Geissenhainer, 125 App. Div. 272, 109 N. Y. Supp. 159. The court denied a motion for a nonsuit.

The testimony for the defendant showed beyond dispute that the plaintiff was a frequent borrower of the deceased after 1901 for several years; that an account was made up in 1903 showing that the plaintiff owed the deceased $1,341.40, and that the deceased owed him $337.50, and the plaintiff's wife gave the deceased a mortgage for the balance; and that in 1902 the deceased made a present of a farm worth $6,000 to the plaintiff's wife.

Nothing remains to be said except that the learned trial judge directed a verdict for the plaintiff for the full amount claimed by the plaintiff.

The judgment must be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.